RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

Cheyenne Latture, :

: **COMPLAINT**

Plaintiff, :

: **20-CV-2611**

-against- :

:

101-109 Café Inc. d/b/a Mirage, Daria Nalotoff, as an individual :

:

Defendants. :

---------------------------------------------------------------------X

Plaintiff CHEYENNE LATTURE ("plaintiff"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, 101-109 CAFÉ Inc. d/b/a MIRAGE and DARIA NALOTOFF (collectively referred herein as "defendants") alleges:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid minimum wages and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of a bartender employed at 101-109 CAFÉ Inc. d/b/a MIRAGE ("MIRAGE").

## JURISDICTION

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as MIRAGE is located in the Eastern District of New York.

## THE PARTIES

**PLAINTIFF**

6. CHEYENNE LATTURE was employed by defendants as an exotic dancer from October 22, 2015 through July 1, 2017.

7. During this time, she worked as an exotic dancer approximately 4 to 5 days a week, generally Monday, Wednesday, Friday and Saturday, from 8:30pm to 4:00am.

8. As an exotic dancer, her duties were to perform dances for customers of the MIRAGE.

9. Plaintiff received no pay from MIRAGE for the services she performed.

10. At all relevant times, Plaintiff was not permitted an uninterrupted half hour for required meal breaks.

11. Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

**DEFENDANTS**

12. Defendant 101-109 CAFÉ Inc. is a New York corporation that owns and operates MIRAGE. The principal executive office is located 101 Route 109, Farmingdale, New York.

13. Defendant MIRAGE is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including alcoholic beverages, non-alcoholic beverages, makeup, dry goods, and food; and (2) an annual gross volume of sales in excess of $500,000.

14. MIRAGE is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

15. Defendant DARIA NALOTOFF is a person engaged in business in the County of Nassau, who is an owner, officer, and/or agent of MIRAGE. DARIA NALOTOFF exercises sufficient control over MIRAGE's operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records and, at all times material herein, established and exercised authority regarding the pay practices at MIRAGE.

16. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an

enterprise within the meaning of the FLSA.

17. At all times, Defendants has maintained control, oversight, and direction over plaintiff.

18. Defendants required Plaintiff to pay a $75 House Fee each night of work.

19. Defendants also charged Plaintiff penalties for lateness or discipline, in the amount of up to $400 or $500.

20. Defendants required Plaintiff to work a slow day (Sunday, Monday, or Tuesday) in order to work weekend days.

21. Defendants scheduled Plaintiff each week in advance.

22. Defendants provided a van and driver to pick up Plaintiff (and others) from her home and drive her to work and back.

**DEFENDANTS' FAILURE TO PAY MINIMUM WAGE**

23. Defendants are required to pay Plaintiff full minimum wage at a rate of $8.75 per hour for all hours worked from October 22, 2015 through December 30, 2015, $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016, and $10.00 per hour for all hours worked from December 31, 2016 through July 1, 2017, under the FLSA and NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations and/or the Fair Labor Standards Act.

24. Defendants did not pay Plaintiff minimum wages for all hours that Plaintiff was suffered, or permitted by defendants, to work.

**DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT**

25. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates within ten days of hire and at any time the wage is increased.

26. Defendants failed to furnish Plaintiff with annual wage notices as required by §195(1) of the Labor Law.

27. The NYLL and Wage Theft Prevention Act ("WTPA") requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

28. Defendants failed to furnish Plaintiff with accurate statements of wages, as required the NYLL and WTPA.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act – Unpaid Minimum Wages)**

29. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

30. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 201 *et seq.*

31. At all times relevant, defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

32. Defendants have failed to pay Plaintiff the minimum wages to which she was

entitled under the FLSA.

33. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

34. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

35. As a result of defendants' willful violations of the FLSA, Plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**(New York Labor Law – Minimum Wage)**

36. Plaintiff realleges, and incorporates by reference, all prior allegations as though fully set forth herein.

37. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

38. At all times relevant, Plaintiff has been an employee of defendants, and defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*,

and the supporting New York State Department of Labor Regulations.

39. Defendants have failed to pay Plaintiff the minimum hourly wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

40. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

41. Due to defendants' willful violations of the NYLL, Plaintiff is entitled to recover from defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(New York Labor Law – Failure to Provide Wage Notices)**

42. Plaintiff realleges, and incorporates by reference, all prior allegations as though fully set forth herein.

43. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiff as her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main

office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

44. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

45. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50.00 per day, for each day that the violation occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FOURTH CAUSE OF ACTION**
**(New York Labor Law – Failure to Provide Wage Notices)**

46. Plaintiff realleges, and incorporates by reference, all prior allegations as though fully set forth herein.

47. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

48. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

49. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $250 per day, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FIFTH CAUSE OF ACTION**
**(Unlawful Deduction of Wages)**

50. Plaintiff realleges, and incorporates by reference, all prior allegations as though fully set forth herein.

51. Pursuant to § 193 of the New York Labor law, defendants are not permitted to deduct anything from tips, gratuities, or fees paid to Plaintiff.

52. Defendants required Plaintiff to pay House Fees, from her tips or gratuities, to Defendants.

53. Defendants required Plaintiff to pay additional fees for lateness or disciplines.

54. Said deductions from wages, to pay other persons, are prohibited and unlawful under § 193 of the New York Labor Law.

55. Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the unlawful deductions from

pay, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

**JURY DEMAND**

56. Plaintiff demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the minimum wage of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that defendants have violated the minimum wage provisions of the NYLL, and supporting regulations;

c. declaring that defendants have violated the Wage Theft Prevention Act;

d. declaring that defendants' violations of the FLSA were willful;

e. declaring that defendants' violations of the NYLL were willful;

f. awarding Plaintiff damages for all unpaid wages;

g. awarding Plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h. awarding damages of $50.00 per day, for each day that a violation of §195(1) occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i. awarding Plaintiff liquidated damages of $250.00 per day, for each day that a

violation of §195(3) occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j. awarding Plaintiff House Fees which were improperly deducted from her, along with liquidated damages, pursuant to the NYLL;

k. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

l. awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

m. granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

n. awarding Plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

o. awarding such other and further relief as the Court deems just and proper.

Dated: Mineola, NY
June 11, 2020

RAYMOND NARDO, P.C.

By: ______________________________
RAYMOND NARDO, ESQ.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*