# RAYMOND NARDO, P.C.
### ATTORNEY AT LAW
#### 129 THIRD STREET, MINEOLA, NY 11501
**Phone: (516)248-2121 | Fax: (516)742-7675 | Email Raymondnardo@gmail.com**

September 2, 2020

<u>BY ECF</u>

Hon. Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   <u>Latture v. 101-109 Café, Inc. d/b/a Mirage</u>
             20-CV-2611 (BMC)

Dear Judge Cogan,

I represent the Plaintiff in the above matter, who has executed an agreement to arbitrate at the American Arbitration Association ("AAA"), pursuant to the Federal Arbitration Act ("FAA"). The parties jointly request to compel arbitration and stay the matter in Federal Court. The Second Circuit Court of Appeals has ruled that arbitrations under the FAA must be stayed, rather than dismissed.

Specifically, in *Katz v. Cellco Partnership*, 794 F.3d 341 (2d Cir. 2015), the Second Circuit Court of Appeals confronted this issue as a matter of first impression. The Court squarely held that, "[a]lthough we recognized the administrative advantages of a rule permitting dismissal, we hold that the Federal Arbitration Act, 9 U.S.C. §1 et. seq. ("FAA"), requires a stay of proceedings when all claims are referred to arbitration and a stay requested." *Id.* at 343. This is because Section 3 of the FAA provides (emphasis added):

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding ire referable to arbitration under such an agreement, ***shall*** on application of one or the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the application for the stay is not in default in proceeding with such arbitration.

As noted in *Katz,* "[t]he plain language specifies that the court 'shall' stay proceedings pending arbitration, provided an application is made and certain conditions are met. It is axiomatic that the mandatory 'shall' typically 'creates an obligation impervious to judicial discretion," *Id.* at

Letter to Judge Cogan
Page 2

345 (footnote and citation omitted).  The Second Circuit further found that "[a] mandatory stay comports with the FAA statutory scheme and pro-arbitration policy." *Id.* at 346.  Finally, the court held that a district court's authority to "manage their dockets" simply "cannot trump a statutory mandate, like Section 3 of the FAA, that clearly removes such discretion." *Id.*

WHEREFORE, the parties seek an Order from this staying the action and compelling arbitration of the Plaintiff's claim at the AAA, and ordering the statute of limitations to date back to the date of the filing of the complaint in this matter.  Defendants consent to the substance of this letter.

Thank you for your consideration and cooperation.

Respectfully submitted,

RAYMOND NARDO, ESQ.

RN:rn
cc:   Alex Kaminski, Esq. (by ECF)

RAYMOND NARDO, P.C.