UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CHEYENNE LATTURE,

                          Plaintiff,

             - against -

101-109 CAFE INC., d/b/a Mirage and
DARIA NALOTOFF,

                        Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

20-cv-2611 (BMC)

**COGAN**, District Judge.

The issue in this case is whether a Fair Labor Standards Act claim, which the court has referred to arbitration, requires court approval of a settlement reached in the context of the arbitration. Although a few district court cases have addressed this issue, the instant case has a new wrinkle – the arbitrator/mediator, undoubtedly on request of the parties, made an express finding that the parties' settlement agreement was fair and reasonable and satisfied the standard under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Cheeks, however, requires more than a mediator's opinion. The parties' Rule 41(a) stipulation and proposed order to dismiss this case with prejudice is therefore denied.

## BACKGROUND

This is a routine Fair Labor Standards Act case. Plaintiff worked as an "exotic dancer" at defendants' strip club on Long Island. The complaint is not entirely clear but apparently she worked only for tips. In addition, she had to pay a $75 per night "House Fee" to defendants, and if she was late or committed other infractions, she was fined $400 or $500. Based on those facts, plaintiff contends that she was not paid minimum wage as required under the FLSA or the

corresponding provisions of the New York Labor Law, and that she is entitled to additional compensation under the NYLL because defendants failed to provide her with required wage notices and wage statements.

The parties then entered into an agreement to submit plaintiff's claims to arbitration before the American Arbitration Association. The parties jointly requested, and the Court approved, a stay of this action pending arbitration. Two years later, the parties submitted a proposed Stipulation and Order of Dismissal with Prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), bearing a signature line for the Court's endorsement. Accompanying the stipulation was a letter from Barry J. Peek, Esq., addressed to plaintiff's and defendants' counsel, referencing this case, and signed by him as "Arbitrator/Mediator." The entirety of the letter stated:

> Having reviewed the proposed Settlement Agreement, I find that, pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015), the settlement amount and payment plan are fair and reasonable, the release is appropriate in this context, there is no confidentiality or general release in the Settlement Agreement, and the attorneys' fees are reasonable. *See Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). Accordingly, the Motion for Settlement is granted and the Settlement Agreement is approved.

The issue is whether Cheeks permits this Court to endorse the stipulation and order based on the mediator's statement.

## DISCUSSION

Cases under the Fair Labor Standards Act comprise the largest category of civil cases on this Court's docket. Since the Second Circuit placed upon district courts a mandatory fairness review obligation in Cheeks , district courts have expended substantial resources in both reviewing such settlements and in dealing with unresolved issues arising from Cheeks. Litigants have sought various ways of avoiding a fairness review.

The Second Circuit has allowed one method of avoiding review that has increasing popularity – if the terms of the parties' agreement provide for defendant to consent to entry of judgment under Rule 68(a), no review is necessary.  See Mei Xing Y v. Hasaki Restaurant, Inc., 944 F.3d 395 (2d Cir. 2019). Conversely, the Second Circuit has held that even a dismissal without prejudice under Fed. R. Civ. 41(a) requires Cheeks review, an issue that Cheeks had expressly left open.  See Samake v. Thunder Lube, Inc. Eyeglasses, 24 F. 4th 804 (2d Cir. 2022). But see id. (Menashi, C.J., dissenting).  In addition, district courts within the Circuit have split on the issue of whether Cheeks review is necessary when a settlement is reached during an arbitration, although the majority appear to answer that question affirmatively.  See Brittle v. Metamorphosis, No. 20-cv-3880, 2021 WL 606244, at *2 (S.D.N.Y. Jan. 22, 2021).[1]

But asking a court to defer to a mediator based on the mediator's Cheeks finding is not something a court can do.  That is especially true when the mediator's finding contains no discussion of the terms of the settlement. There needs to be federal judicial review of any FLSA settlement when the parties seek the court's approval.  With all due respect to Mediator Peek, I do not know who he is, nor even on what he based his conclusion, as the terms of the settlement have not been presented to me.  Even if this Court were to give some amount of deference to his determination (and the Court probably can't do that either), the Court has no way to evaluate whether his conclusion is correct. What the parties are asking me to do is just rubber stamp a settlement about which I know nothing.  That reflexive approval of a mediator's determination is not consistent with Cheeks.

---

[1] This issue is not present in this case, as the parties have affirmatively sought the Court's approval.

Indeed, even a United States Magistrate Judge does not have the authority with which the parties ask me to imbue Mr. Peek. The most a Magistrate Judge could have done was to have made a report and recommendation. See 28 U.S.C. § 636. If, upon referral to a Magistrate Judge, the Magistrate Judge reported only what Mr. Peek has concluded, I would have to either send it back for a further discussion or undertake a *de novo* review. It cannot be that the decision of Mr. Peek is entitled to greater deference than that of a federal judicial officer.

## CONCLUSION

The Court declines to endorse the stipulation and order of dismissal. Within 14 days, plaintiff shall submit the settlement agreement together with a motion for its approval under Cheeks.

**SO ORDERED.**

*Brian M. Cogan*

U.S.D.J.

Dated: Brooklyn, New York
December 11, 2022